Natalia D. Asbill, SBN: 281860
PERKINS & ASSOCIATES
300 Capitol Mall, Suite 1800
Sacramento, CA 95814
Telephone:  916. 446.2000
Facsimile:  916. 447.6400
nasbill@perkins-lawoffice.com

Attorneys for Plaintiff
Scott McDaniel

UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT MCDANIEL,<br><br>Plaintiff<br><br>v.<br><br>ABBOTT LABORATORIES GROUP HEALTH CARE PLAN; MARY MORELAND, in her Capacity as Plan Fiduciary, Divisional Vice President, Compensation and Benefits; MATRIX ABSENCE MANAGEMENT, Inc. as Co-Fiduciary; QUANTUM HEALTH, also known as, ABBOTT CARE COORDINATORS; and DOES 1-25.<br><br>Defendants. | Case No.<br><br>**PLAINTIFF'S COMPLAINT FOR**<br><br>1) **RECOVERY OF PLAN BENEFITS PURSUANT TO ERISA §502(A)(1)(B), 29 U.S.C. §1132(A)(1)(B);**<br><br>2) **BREACH OF FIDUCIARY DUTY AND DECLARATORY RELIEF PURSUANT TO ERISA §502(A)(3), 29 U.S.C. §1132(A)(3), 28 U.S.C. §2201;** |

COMES NOW Plaintiff SCOTT MCDANIEL (hereinafter "Mr. McDaniel") and alleges as follows:

**JURISDICTION**

1.  This is a civil action arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001 et seq., 28 U.S.C. §1331, and the Declaratory Judgment Act, 28 U.S.C. §2201.

2.  Venue is proper in the United States District Court, Eastern District of California, pursuant to 28 U.S.C.A. §1391 and 29 U.S.C.A. §1132(e)(2) because the Defendants Abbott Laboratories Group Health Care Plan, and its Co-Fiduciaries Mary Moreland, Quantum Health aka

Abbott Care Coordinators, and Matrix Absence Management, Inc, have minimum contacts, within this District, which are sufficient to subject it personal jurisdiction, and the Health Care Plan was breached within this District.

## PARTIES

3. Mr. McDaniel is and at all times mentioned herein was a resident of Placer County, California, and at all relevant times mentioned in this Complaint, a participating member and beneficiary of the Abbott Laboratories Group Health Care Plan, and has standing to bring this action pursuant to ERISA §502(a) and 29 U.S.C. §1132(a).

4. This Court has subject matter jurisdiction pursuant to 29 U.S.C.A. §1132(e)(1).

5. At all relevant times, Defendant ABBOTT LABORATORIES GROUP HEALTH CARE PLAN (hereinafter "the Plan") has been an employee health benefit plan within the meaning of ERISA §3(1), 29 U.S.C. §1002(1).

6. At all relevant times, Mary Moreland is the Plan Fiduciary, in her role/capacity as the Divisional Vice President, Compensation and Benefits and has been a fiduciary of The Plan. The Divisional Vice President, Compensation and Benefits, MARY MORELAND, (hereinafter "Moreland") is named as the administrator and fiduciary of The Plan within the meaning of 29 U.S.C. §1002(13)(A), (16)(A).

7. At all relevant times, QUANTUM HEALTH, also known as, Abbott Care Coordinators (hereinafter "ACC") has been a fiduciary of the Plan as a named Third Party Administrator and charged with coordinating healthcare and medical claim appeals within the meaning of 29 U.S.C. §1002(13)(A), (16)(A) as discretionary authority was conferred upon ACC by the Plan and/or was charged with discretionary authority or discretionary responsibility in the administration the Plan within the meaning of ERISA §3(21)(A) and was designated within the Plan as such (29 U.S.C. §1105(c)(1)).

8. Mr. McDaniel is informed, believes and thereon alleges at all relevant times, MATRIX ABSENCE MANAGEMENT, INC (hereinafter "MAM") has been a fiduciary of the Plan within the meaning of ERISA §3(21)(A) as the Plan and its fiduciaries Moreland and ACC delegated

PERKINS & ASSOCIATES
300 Capitol Mall, Suite 1800
Sacramento, CA 95814
916.446.2000

MCDANIEL V. ABBOTT LABORATORIES, ET AL.
COMPLAINT FOR DAMAGES                    2.

discretionary control respecting the management of the Plan and/or exercises control respecting management of the Plan and/or was charged with discretionary authority or discretionary responsibilities in the administration of the Plan to MAM.

## FACTUAL ALLEGATIONS

9.  Mr. McDaniel is informed, believes, and thereon alleges in accordance with the Long Term Disability Plan (hereinafter "LTD") and The Plan he became eligible for COBRA coverage through the LTD and The Plan in approximately early January 2015.

10.  Mr. McDaniel is informed, believes, and thereon alleges that in accordance with the terms of the LTD and The Plan, Mr. McDaniel tendered all COBRA payment due and owing each and every month and these payments were accepted by The Plan.

11.  Mr. McDaniel is informed, believes, and thereon alleges that in May 2016 his COBRA statement issued by The Plan stated, "You're about to reach the end of your initial 18-moth COBRA continuation period. Your coverage may continue at a higher cost for up to 11 more months due to your disability extension. The revised monthly costs continued coverage is $448.65. If your disability ends or if you want to cancel coverage, call ACC…" Mr. McDaniel is further informed, believes, and thereon alleges that this statement for verbatim appeared on his June and July 2015 COBRA statements.

12.  Mr. McDaniel is informed, believes, and thereon alleges due to his continued state of being disabled his disability through the LTD was extended through MAM until January 5, 2017.

13.  Mr. McDaniel is informed, believes, and thereon alleges after receiving notice from his physician that his surgery had been scheduled for July 15, 2016, and the COBRA notice indicating a change in premium, Mr. McDaniel called ACC in approximately mid-May 2016 to ensure he qualified for continue healthcare coverage through COBRA offered through The Plan. Mr. McDaniel is informed, believes, and thereon alleges he was informed by the ACC Coordinator, Christina, that since his disability had been extended through MAM and the LTD, Mr. McDaniel's COBRA coverage would continue until his LTD expired on January 5, 2017.

14.  Mr. McDaniel is informed, believes, and thereon alleges that as he still had concerns

MCDANIEL V. ABBOTT LABORATORIES, ET AL.
COMPLAINT FOR DAMAGES                                3.

PERKINS & ASSOCIATES
300 Capitol Mall, Suite 1800
Sacramento, CA 95814
916.446.2000

that he would not have insurance coverage for the upcoming surgery, Mr. McDaniel contacted ACC again on June 8, 2016, and was informed by a ACC Coordinator, Chiquita, that his disability had been extended through MAM and his healthcare coverage would be extended as well. Mr. McDaniel is further informed, believes, and thereon alleges that on June 9, 2016, he had a conversation with ACC Coordinator, Moriah, who told Mr. McDaniel that his COBRA would be deactivated on July 5, 2016, and reactivated on July 6, 2016 for an additional eleven (11) months of COBRA coverage. Moriah further stated that he would only be dropped for failure to timely pay the premiums and/or his disability terminates. Mr. McDaniel is further informed, believes, and thereon alleges in accordance with this telephone conversation Mr. McDaniel received COBRA billing invoices from the Plan showing he owed $448.65 for his health benefit coverage. Mr. Daniel is further informed, believes, and thereon alleges that he timely tendered this payment each and every month from July 2016 through October of 2016.

15.   Mr. McDaniel is informed, believes, and thereon alleges that his medical provider Sutter Medical contacted The Plan and/or third party administrator United Medical Resources (herein after "UMR") on or about July 12, 2016, in accordance with the terms of The Plan to obtain pre-approval and ascertain that in fact the surgery was an approved procedure under The Plan and that Mr. McDaniel was a covered member under The Plan. Mr. McDaniel is further informed, believes, and thereon alleges that The Plan and/or UMR provided approval to Sutter Medical to proceed with the surgery. Mr. McDaniel is further informed, believes, and thereon alleges he received documents indicating what his percentage of the medical procedure was and how much The Plan was covering for the procedure on July 15, 2016.

16.   Mr. McDaniel is informed, believes, and thereon alleges prior to the surgery commencing on the morning of July 15, 2016, he went online to ACC and confirmed that his health insurance was active.

17.   Mr. McDaniel is informed, believes, and thereon alleges that he continued to receive treatment and follow up procedures from the surgery on July 15, 2016, and for each procedure from July 15, 2016 through to October 7, 2016, Mr. McDaniel was told that it was covered under The Plan.

PERKINS & ASSOCIATES
300 Capitol Mall, Suite 1800
Sacramento, CA 95814
916.446.2000

MCDANIEL V. ABBOTT LABORATORIES, ET AL.
COMPLAINT FOR DAMAGES                                4.

18.     Mr. McDaniel is informed, believes, and thereon alleges that on or about October 3, 2016, his wife contacted UMR to ascertain whether or not their deductible had been met for the year, as Mr. McDaniel needed additional medical procedures performed. Mrs. McDaniel was informed by the UMR representative that Mr. McDaniel's deductible had been met for the year.

19.     Mr. McDaniel is informed, believes, and thereon alleges that on October 7, 2016, when he arrived at his doctor's office, he was informed by the receptionist that his healthcare coverage was indicating that it had been deactivated. Mr. McDaniel is further informed, believes, and thereon alleges he immediately called UMR and was informed by UMR that his healthcare coverage had been deactivated on October 4, 2016. Mr. McDaniel then called Abbott Benefits Center and was told they would research the issue and get back to him to explain why his healthcare coverage had been cancelled.

20.     Mr. McDaniel is informed, believes, and thereon alleges that on or about October 11, 2016, he was informed by MAM's employee, Kathy Kemp, that The Plan was looking for an award letter from Social Security. Mr. McDaniel explained to Ms. Kemp that he had provided MAM with all the records showing he had filed for Social Security Disability and a hearing had been requested.

21.     Mr. McDaniel is informed, believes, and thereon alleges that was informed by ACC in mid-October 2016 that Mr. McDaniel did not qualify for continued COBRA coverage as ACC had not received an award letter from Social Security.

22.     Mr. McDaniel is informed, believes, and thereon alleges the Abbott 2016 Employee Benefits Handbook states in relevant part: "An 18-month period of continuation coverage may be extended for up to 11 months (for a total of up to 29 months of continuation coverage) if you or your covered dependent is determined to be disabled for Social Security disability purposes at the time of the loss of coverage or within 60 days after that date. The Plan Administrator must be notified within 60 days after the determination of disability is made and before the end of the 29-month period." Mr. McDaniel is further informed, believes, and thereon alleges that he reasonably relied upon this representation and the representation of MAM's, ACC's, and UMR's that he had continued COBRA coverage for an additional 11-months and proceeded with medical procedures that he would not have

PERKINS & ASSOCIATES
300 Capitol Mall, Suite 1800
Sacramento, CA 95814
916.446.2000

MCDANIEL V. ABBOTT LABORATORIES, ET AL.
COMPLAINT FOR DAMAGES

5.

otherwise undergone, but for the representations by The Plan, MAM, ACC and UMR that he had health coverage in July, August, and September of 2016. As a direct result of this reliance Mr. McDaniel is charged with and responsible for paying over $30,000 in medical expenses that have been denied by The Plan.

23. Mr. McDaniel is informed, believes, and thereon alleges that he has exhausted his administrative remedies with The Plan.

## FIRST CAUSE OF ACTION

*(Recovery of Plan Benefits Pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) Against Defendant Abbott Laboratories Group Health Care Plan.)*

24. Mr. McDaniel hereby re-alleges and incorporates by reference all pervious allegations as though fully set forth herein.

25. ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan, and /or to clarify his rights to benefits under the terms of a plan.

26. Mr. McDaniel is informed, believes, and thereon alleges that he was qualified beneficiary under the Plan and tendered all premiums required of him.

27. Mr. McDaniel is informed, believes, and thereon alleges that the Plan's Administrators' (Moreland, ACC and MAM) denial of his claim for benefits under the Plan was arbitrary and capricious, in that, the decision was not supported by substantial evidence.

28. Mr. McDaniel is informed, believes, and thereon alleges as proximate and legal result of the Plan's denial of his healthcare coverage, he has suffered the loss of healthcare coverage and benefits and been subjected to medical costs and expenses that he would not have otherwise incurred.

29. The Plan's denial of Mr. McDaniel's healthcare coverage under the Plan, and by related acts and omissions, including but not limited to refusing to honor coverage of healthcare benefits at the time of Mr. McDaniel's claim, the Plan has violated, and continues to violate, the terms of the Plan, and Mr. McDaniel's rights under the Plan.

///

PERKINS & ASSOCIATES
300 Capitol Mall, Suite 1800
Sacramento, CA 95814
916.446.2000

MCDANIEL V. ABBOTT LABORATORIES, ET AL.
COMPLAINT FOR DAMAGES

6.

## SECOND CAUSE OF ACTION
***(Breach of Fiduciary Duty and Declaratory Relief Pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), 28 U.S.C. §2201 Against Moreland, MAM and ACC)***

30. Mr. McDaniel hereby re-alleges and incorporates by reference all pervious allegations as though fully set forth herein.

31. ERISA §404(a), 29 U.S.C. §1004(a), requires that a fiduciary discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries, for the exclusive purpose of providing benefits to participants and fiduciaries and defraying reasonable expenses of administering the plan, and in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of ERISA.

32. ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), authorizes a beneficiary of a plan to file suit to "enjoin any act of practice" that violates Title I of ERISA or the terms of a plan, and/or obtain "other appropriate relief" to redress such violations.

33. By engaging in the acts and omissions described above, including but not limited to providing contrary and contradicting information to Mr. McDaniel, and refusing to provide Mr. McDaniel a benefit mandated by ERISA, Moreland, MAM and ACC breached their fiduciary duties to Mr. McDaniel and have violated ERISA.

34. An ERISA fiduciary is obligated to disclose material information to participants and beneficiaries, and has a duty not to mislead or provide contrary and contradicting information to a plan participant and/or beneficiary.

35. Defendants Moreland, MAM and ACC breached their/its fiduciary duties to Mr. McDaniel by, among other things, telling him that he qualified for 11-month continuation of COBRA coverage; accepting his COBRA payments; informing Mr. McDaniel's medical provider Sutter Medical that his surgery was an approved procedure under The Plan and that Mr. McDaniel was a covered member under The Plan; pre-approving the July 15, 2016 surgery and subsequent medical procedures; and, failing to advise Mr. McDaniel until after over $30,000 in medical expenses/charges had been incurred that he in fact did not qualify for a 11-month continuation of COBRA coverage.

36. Mr. McDaniel is informed, believes and thereon alleges that despite Moreland's,

PERKINS & ASSOCIATES
300 Capitol Mall, Suite 1800
Sacramento, CA 95814
916.446.2000

MCDANIEL V. ABBOTT LABORATORIES, ET AL.
COMPLAINT FOR DAMAGES

7.

MAM's, and ACC's representations that he did qualify for the 11-month continuation of COBRA, as he was in the process of obtaining a Social Security Disability and the 29-month period had not elapsed in accordance with the provision of the Employee Benefit Handbook which provides: "An 18-month period of continuation coverage may be extended for up to 11 months (for a total of up to 29 months of continuation coverage) if you or your covered dependent is determined to be disabled for Social Security disability purposes at the time of the loss of coverage or within 60 days after that date. The Plan Administrator must be notified within 60 days after the determination of disability is made and before the end of the 29-month period."

37. As a result of Moreland's, MAM's and ACC's breaches of fiduciary duty and violations of ERISA, Mr. McDaniel has been harmed.

## PRAYER

WHEREFORE, PLAINTIFF prays for judgment against DEFENDANTS, as hereinafter set forth:

<u>As to the First Cause of Action for Relief:</u>

1. Declare the Defendant Abbott Laboratories Group Health Care Plan to have violated the terms of the Plan;

2. Order Defendant Abbott Laboratories Group Health Care Plan to pay the medical expenses incurred in July, August and September of 2016, in accordance with the terms of the Plan;

3. Award Plaintiff reasonable attorney's fees and costs of suit pursuant to ERISA §502(g), 29 U.S.C. §1132(g);

4. Provide such other relief as the Court deems equitable and just.

<u>As to the Second Cause of Action for Relief:</u>

1. Declare that Defendants Moreland, MAM, and ACC breached their/it fiduciary duty to Plaintiff;

2. Declare that by refusing to provide healthcare coverage Defendants Moreland, MAM, and ACC have violated ERISA;

3. Declare the Plaintiff has a right to healthcare coverage for July, August and September of 2016;

MCDANIEL V. ABBOTT LABORATORIES, ET AL.   8.
COMPLAINT FOR DAMAGES

PERKINS & ASSOCIATES
300 Capitol Mall, Suite 1800
Sacramento, CA 95814
916.446.2000

4. Enjoin the Defendants Moreland, MAM, and ACC from interpreting the Plan to exclude Plaintiff's from the 11-months of COBRA continuation;

5. Require the Defendants Moreland, MAM, and ACC to reform the Plan with respect to Plaintiff, Mr. McDaniel, such that Mr. McDaniel is deemed eligible for the 11-months of continuation of COBRA coverage, specifically for the months of July, August and September of 2016;

6. Order the Defendants Moreland, MAM, and ACC pay to Plaintiff amounts to make Plaintiff whole for the harm he has suffered due to the Defendants Moreland's, MAM's and ACC's breaches by providing other appropriate equitable relief, including but not limited restitution;

7. Award Plaintiff reasonable attorney's fees and costs of suit pursuant to ERISA §502(g), 29 U.S.C. §1132(g); and

8. Provide such other relief as the Court deems equitable and just.

Dated: August 2, 2017

PERKINS & ASSOCIATES

By: /s/ Natalia D. Asbill
Natalia D. Asbill
Attorneys for Plaintiff
Scott McDaniel

PERKINS & ASSOCIATES
300 Capitol Mall, Suite 1800
Sacramento, CA 95814
916.446.2000

MCDANIEL V. ABBOTT LABORATORIES, ET AL.
COMPLAINT FOR DAMAGES

9.